UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFRY DAVID RODRIGUEZ BERNAL,

Petitioner,

v.

Case No. 2:26-cv-2752-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
______________________________/

**ORDER**

Petitioner Jeffry David Rodriguez Bernal has filed a writ of habeas corpus to challenge the lawfulness of his continued immigration detention. (Docs. 1, 2.)[1] He argues that his bond hearing before an immigration judge was constitutionally deficient. (Doc. 1 at 7.)

Federal courts are generally not in the business of second-guessing an immigration judge's decision about bond for an illegal alien. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024). The Immigration and Nationality Act dictates that the Attorney General's discretionary judgments regarding bond are not subject to review. 8 U.S.C. § 1226(e). If Bernal were merely asking this Court to reweigh the evidence or

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

substitute its judgment for the immigration judge, his petition would be dead on arrival. But that statutory bar does not give the government a blank check to bypass the Constitution. It does not strip this Court of jurisdiction to consider a bona fide constitutional claim regarding the framework of the detention. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL 1953128, at *1 (M.D. Fla. July 7, 2026).

On July 23, 2026, the immigration judge denied Bernal's request for a change in custody status. But there is no basis to conclude this was a meaningful, individualized assessment. Instead, the resulting order consists of a single sentence: "Respondent failed to demonstrate that they do not present a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006), Matter of R-A-V-P, 27 I&N Dec. 803 (BIA 2020), and Matter of A-L-S, 29 I&N Dec. 794 (BIA 2026)." (Doc. 4-1 at 9.) And the Government has provided no other evidence of what occurred at the bond hearing. A boilerplate statement, devoid of any specific factual findings or analysis, falls woefully short of the individualized due process the Constitution requires when stripping a person of their physical freedom. *See Paredes v. Warden, Fla. Soft Side Det. Ctr.*, No. 2:26-CV-01131-SPC-DNF, 2026 WL 1353224, at *1 (M.D. Fla. May 15, 2026).

Because Bernal's bond hearing was constitutionally insufficient on the current record, the habeas petition is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Bernal for an individualized

bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied.[2] The Clerk is directed to terminate any pending motions and close this case.

**ORDERED** in Fort Myers, Florida on October 30, 2026.

Kyle C. Dudek
United States District Judge

[2] The Court will not consider Bernal's inadequate medical care claim. (Doc. 1 at 8.) Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").